MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
TRENT L. RICHARDS, ESQ.
Nevada Bar No. 11448
**THE BOURASSA LAW GROUP, LLC**
8668 Spring Mountain Rd., Suite 101
Las Vegas, Nevada 89117
Tel: (702) 851-2180
Fax: (702) 851-2189
Email: mbourassa@bourassalawgroup.com
        trichards@bourassalawgroup.com

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SARA L. BACA, on behalf of herself and those similarly situated, | Case No.: 2:15-cv-00720-LDG-GWF |
| Plaintiff, | **APPLICATION FOR ENTRY OF DEFAULT JUDGMENT** |
| vs. | |
| KREMBLE SCHLESINGER & ASSOCIATES doing business as KS & ASSOCIATES, a California corporation, | |
| Defendant. | |

COMES NOW, Plaintiff, SARA L. BACA, by and through her attorney of record, Mark J. Bourassa, Esq., of The Bourassa Law Group, LLC, and moves this court to enter a Default Judgment in this matter in favor of Plaintiff and against Defendant, KREMBLE SCHLESINGER & ASSOCIATES doing business as KS & ASSOCIATES.

This Motion is based on the attached Memorandum of Points and Authorities, the Exhibits thereto, all papers and pleadings on file herein, and any evidence or oral argument

///

///

///

///

- 1 -

1   permitted or requested by the Court.

2          DATED this 3rd day of August, 2015.

3                                    THE BOURASSA LAW GROUP, LLC

4

5                                    MARK J. BOURASSA, ESQ.
                                     Nevada Bar No. 7999
6                                    TRENT L. RICHARDS, ESQ.
                                     Nevada Bar No. 11448
7                                    8668 Spring Mountain Rd., Suite 101
                                     Las Vegas, Nevada 89117
8                                    Telephone: (702) 851-2180
                                     *Attorneys for Plaintiff*
9

10

11                  **MEMORANDUM OF POINTS AND AUTHORITIES**

12   **I.     INTRODUCTION**

13          This is a case which involves a violation of the Fair Debt Collection Practices Act

14   ("FDCPA"). Defendant, KREMBLE SCHLESINGER & ASSOCIATIONS doing business as

15   KS & ASSOCIATES ("Defendant"), contacted the Plaintiff, SARA L. BACA ("Plaintiff"),

16   regarding an alleged consumer debt; however, Defendant's representative contacted Plaintiff's

17   employer by telephone and disclosed the call was regarding an attempt to collect a debt; during

18   the phone call with Plaintiff's employer, Defendant's representative represented himself/herself

19   to be an attorney; when Plaintiff returned Defendant's telephone call, Plaintiff was threatened

20

21   with further legal action if immediate payment was not made over the phone; when Plaintiff

22   returned Defendant's telephone call, Defendant failed to disclose it was a debt collector

23   attempting to collect a debt.

24

25   **II.    PROCEDURAL HISTORY**

26          On or about April 20, 2015, Plaintiff filed a complaint against the Defendant. Defendant

27   was timely served but has not communicated with Plaintiff's counsel or appeared in this action.

28   Defendant has ultimately failed to Answer or otherwise defend this matter. Thus, a Default was

entered by the clerk on July 29, 2015.   Accordingly, Plaintiff now seeks entry of a default judgment against Defendant.

### III.   STATEMENT OF UNDISPUTED FACTS

1.   Plaintiff is a natural person who resides in Nevada.

2.   Plaintiff is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3)

3.   Plaintiff allegedly owes (past due) consumer debt as defined by 15 U.S.C. § 1692a(5) and NRS § 649.010.

4.   Defendant is a California corporation, doing business as KREMBLE SCHLESINGER & ASSOCIATIONS doing business as KS & ASSOCIATES, the principal purpose of whose business is the collection of debts.

5.   Defendant regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another so that Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6.   On or about March 11, 2015, Defendant sent Plaintiff a purported "settlement agreement and LOA" in an attempt to collect a debt from Plaintiff.

7.   On March 13, 2015, Defendant contacted Plaintiff's employer by telephone (the "Phone Call").

8.   During the Phone Call, a representative of Defendant, William Miller, represented himself to be a lawyer.

9.   During the Phone Call, Defendant's representative threatened that Plaintiff would be served with court papers in two (2) hours if he did not receive a call back.

10. During the Phone Call, a representative of Defendant asserted that they had already tried to serve Plaintiff at her residence.

11. Defendant advised Plaintiff's employer it was regarding an attempt to collect a debt.

12. During the Phone Call, a representative of Defendant left a company name of Nationwide Legal and a return phone call of 1-877-808-9526.

13. Plaintiff returned the phone call and spoke with a "Pamela", who threatened further legal action if Plaintiff did not make immediate payment to her over the phone.

14. Plaintiff authorized "Pamela" to charge her credit card in the amount of $200.

15. Defendant failed to disclose it was a debt collector attempting to collect a debt.

16. Plaintiff believed that Defendant did not intend to sue her and that Defendant was without the legal authority to do so.

17. To date, Plaintiff had not been served with legal process regarding the alleged debt.

## III.   ARGUMENT

### A. Defendant's FDCPA Violations.

There is no question of Defendant's liability in this matter because Defendant's conduct is a clear violation of the FDCPA in several respects.

Specifically, Section 1692e of the FDCPA states in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> …
> (2) The false representation of --
> (A) the character, amount, or legal status of any debt; or
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.
> (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
> …

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

…

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

…

(13) The false representation or implication that documents are legal process.

(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

…

Defendant utilized false, deceptive and/or misleading representation or means in connection with the attempted collection of an alleged debt from Plaintiff in violation of 15 U.S.C. §1692e.

Specifically:

a. Defendant falsely represented the character and legal status of a debt by attempting to collect the alleged debt from Plaintiff, asserting that litigation had been filed against Plaintiff, and that Plaintiff would be served with process regarding the debt;

b. Defendant falsely represented in its telephone conversations with Plaintiff and Plaintiff's employer that it was an attorney and/or that the communication was from an attorney;

c. Defendant falsely represented or implied in its telephone conversations with Plaintiff and Plaintiff's employer that nonpayment of the alleged debt would result in being served with legal process within two (2) hours.

d.  Defendant falsely threatened to serve Plaintiff with legal process despite no lawsuit having been filed against Plaintiff and no summons having been issued.

e.  Defendant utilized false representations and deceptive means to attempt to collect an alleged debt from Plaintiff and/or to obtain information concerning Plaintiff.

f.  Defendant failed to disclose in all communications with Plaintiff that it was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose; and

g.  Defendant falsely represented that documents were legal process.

Furthermore, Section 1692b of the FDCPA states in pertinent part:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—
>
> *       *       *
>
> (2)      not state that such consumer owes any debt.

Defendant contacted Plaintiff's employer and disclosed the nature of the phone call was regarding an attempt to collect a debt in violation of 15 U.S.C. §1692b.

In addition, Section 1692c of the FDCPA states in pertinent part:

2. Section 1692c of the FDCPA states in pertinent part:

> (b) Communication with third parties
> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

1      Defendant spoke to a third party, Plaintiff's employer, in an attempt to speak with

2  Plaintiff about an alleged debt. During these communications, Defendant informed Plaintiff's

3

4  employer that Plaintiff allegedly owed a debt, and threatened that Plaintiff would be served with

5  legal papers in two (2) hours if Defendant did not receive a call back in violation of 15 U.S.C.§

6  1692c.

7      Moreover, Section 1692g of the FDCPA states in pertinent part:

8        (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt

9    collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the

10   consumer a written notice containing --

11   (1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;

12   (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion

13   thereof, the debt will be assumed to be valid by the debt collector;

14   (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion

15   thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of

16   such verification or judgment will be mailed to the consumer by the debt collector; and

17   (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with

18   the name and address of the original creditor, if different from the current creditor.

19

20      Defendant failed to provide Plaintiff with the disclosures required by 15 U.S.C. §

21  1692g(a) within 5 days of its initial communication with Plaintiff in violation of 15 U.S.C. §

22  1692g(a).

23      As Defendant has committed multiple FDCPA violations, Plaintiff is entitled to a default

24

25  judgment regarding the claims of the FDCPA violations and is entitled to the damages as

26  permitted by statute.

27  ///

28  ///

**B. Plaintiff's Damages.**

The FDCPA provides a statutory scheme for damages. Specifically, 15 U.S.C.§ 1692k states in pertinent part:

> (a) Amount of damages
> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--
>
> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000....

Thus, with respect to her FDCPA claims, Plaintiff is entitled to recover her actual damages (15 U.S.C.§ 1692k(a)(1)), statutory damages determined by the court of up to $1,000.00 (15 U.S.C.§ 1692k(a)(2)(A)) and Plaintiff's attorney fees and costs (15 U.S.C.§ 1692k(3)).

In this instance, Plaintiff's actual damages include, but are not limited to, the frustration and fear resulting from Defendant's threats, as well as embarrassment and humiliation from Defendant's conversation with Plaintiff's employer. Plaintiff's actual damages also include amounts paid via credit card to Defendant under duress and threat of legal action. Thus, Plaintiff requests actual damages in this matter in the amount of $2,500.00.

In addition, Plaintiff is entitled to statutory damages with respect to her FDCPA claims of up to $1,000.00. As Defendant has failed to defend this matter, Plaintiff requests statutory damages in the amount of $1,000.00.

In addition, NRS 41.600 provides that "[i]f the claimant is the prevailing party, the court shall award the claimant: (a) Any damages that the claimant has sustained; and (b) The

claimant's costs in the action and reasonable attorney's fees.  Thus, Plaintiff requests an award of Plaintiffs costs and reasonable attorney's fees in bringing this litigation.

Plaintiff's claimed costs are limited to the filing fee of this matter of $400.00 and service of process in the amount of $125.00.  Thus, Plaintiff's costs are $525.00.

Lastly, Plaintiff requests an award of attorney fees in the amount of $5,490.00.  "Given the structure of [§1692k], attorney's fees should not be construed as a special or discretionary remedy; rather, the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general." *Graziano v. Harrison*, 950 F. 2d 107, 113 (3rd Cir. 1991) (reiterating that several courts have required an award of attorney's fees even where violations were so minimal that statutory damages were not warranted); *see also French v. Corporate Receivables, Inc.*, 489 F. 3d 402 (1st Cir. 2007) (finding that an award of attorney's fees to successful plaintiffs under the FDCPA is obligatory). Discussing the mandatory nature of the fee shifting provision included in the FDCPA, the Ninth Circuit stated that "[t]he reason for mandatory fees is that congress chose a 'private attorney general' approach to assume enforcement of the FDCPA." *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *see also Tolentino v. Friedman*, 46 F.3d 645, 651-652 (7th Cir. 1995).  Plaintiff retained counsel on an hourly basis at the rate of $350 per hour for attorney time and $150 per hour for paralegal time.  The Bourassa Law Group billed 12.6 hours of attorney time and 7.2 hours of paralegal time over the course of this matter.  Based on the hours billed at the above rates, total attorney fees accrued on this matter are $5,490.00.

The total of Plaintiff's actual and statutory damages, plus costs and fees totals $9,515.00.

///
///
///
///

The calculations of damages and the award Plaintiff is entitled to is set forth below:

| DAMAGE DESCRIPTION | AMOUNT |
|---|---|
| Plaintiff's Actual Damages | $2,500.00 |
| Plaintiff's Statutory Damages | $1,000.00 |
| *Subtotal* | *$3,500.00* |
| Costs | $525.00 |
| *Subtotal* | *$4,025.00* |
| Attorney Fees | $5,490.00 |
| **TOTAL** | **$9,515.00** |

Accordingly, Plaintiff is entitled to a default judgment against the Defendant and in favor of the Plaintiff in the total amount of Nine Thousand Five Hundred Fifteen Dollars and no/100 ($9,515.00) for Defendant's violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq.*

## IV.   CONCLUSION

Based on the above analysis, entry of a default judgment in the amount $9,515.00 as set forth herein is appropriate in this matter and Plaintiff so requests a default judgment in the amount of $9,515.00 from this Court.

DATED this 3rd day of August 2015.

THE BOURASSA LAW GROUP, LLC

ORDER

IT IS SO ORDERED.
DATED this 31st day of March, 2016.

_____
Lloyd D. George
Sr. U.S. District Judge

MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
TRENT L. RICHARDS, ESQ.
Nevada Bar No. 11448
8668 Spring Mountain Rd., Suite 101
Las Vegas, Nevada 89117
Telephone: (702) 851-2180
Facsimile: (702) 851-2189
mbourassa@bourassalawgroup.com
trichards@bourassalawgroup.com
*Attorneys for Plaintiff*

- 10 -

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR
## ENTRY OF DEFAULT  JUDGMENT

STATE OF NEVADA          )
                                          )SS.
COUNTY OF CLARK       )

TRENT L. RICHARDS, ESQ., being first duly sworn, deposes and says:

   1.     Affiant is a duly licensed attorney in the State of Nevada and is the attorney of record for SARA L. BACA, that party being the Plaintiff herein.

   2.     Affiant has personal knowledge of and is familiar with the facts set forth herein.

   3.     Plaintiff commenced his action on or about April 20, 2015 by filing a Complaint against the Defendant, KREMBLE SCHLESINGER & ASSOCIATIONS doing business as KS & ASSOCIATES (hereinafter, "Defendant").

   4.     The action relates to violations of the Fair Debt Collection Practices Act (FDCPA) whereby Defendant contacted Plaintiff and Plaintiff's employer in connection with an alleged consumer debt.

   5.     A Clerk's Default was entered in the matter against Defendant on or about July 29, 2015.

**ATTORNEYS' FEES**

   6.     Plaintiff is entitled to payment of its reasonable attorneys' fees as pursuant to statutes, including 15 U.S.C.§ 1692k(3) (the FDCPA).

   7.     To date, Plaintiff has incurred attorneys' fees in the amount of Five Thousand Four Hundred Ninety Dollars ($5,490.00).  An itemized bill describing the work performed is attached hereto as Exhibit 1.  Affiant has reviewed and edited the itemized bill and is informed and believes that said attorneys' fees are reasonable in light of the work performed in this matter.

8.     The results obtained are highly favorable to Plaintiff as Plaintiff is the prevailing party in this litigation by reason of the Clerk's Default being entered against the Defendant for Defendant's failure to appear and/or defend in this litigation.  Plaintiff is seeking $2,500.00 in actual damages (15 U.S.C. § 1692k(a)(1)), $1,000.00 in statutory damages (15 U.S.C.§ 1692k(a)(2)(A), plus Plaintiff's attorney's fees and costs incurred.

9.     The time and labor required in this litigation, to date, was 12.6 hours of attorney time and 7.2 hours of paralegal time over the course of litigating this matter.  Time and labor continue to accrue.

10.     The novelty and difficulty of the questions involved are low.  Plaintiff's claims are for Defendant's multiple violations of the FDCPA.  All questions are thoroughly litigated areas of law.

11.     The skill requisite to perform the legal service properly relating to these FDCPA violations are reflected in the very reasonable attorney's fees requested herein.

12.     Plaintiffs' counsel was not precluded from other employment due to the acceptance of the case.

13.     The customary fee in typical FDCPA cases usually exceeds the amount of attorney's fees being requested herein.

14.     The attorney fee herein was on an hourly basis, and was recorded on the detailed itemized bill attached hereto as Exhibit 1.

15.     No specific time limitations were imposed in this case.

16.     I have been practicing law in Clark County, Nevada for over six (6) years.  I am informed and believe that each of the attorneys that have been retained by Plaintiff in this case is qualified in experience, reputation and ability to handle this case.

17.   FDCPA cases are not undesirable cases, and attorney's fees awards in similar cases often exceed the amount requested herein.

## COSTS

18.   Plaintiff is also entitled to recover its costs incurred as a result of Defendant's violations of the FDCPA.  See, 15 U.S.C.§ 1692k(3) and NRS 41.600(b).  To date, Plaintiff has incurred costs, in the total amount of Five Hundred Twenty-Five Dollars and no Cents ($525.00). Specifically, a Bill of Costs has been filed in this action setting forth the reasonable costs incurred by Plaintiff to date.

19.   Affiant respectfully requests, on behalf of the Plaintiff herein, that the Judgment entered against Defendant, KREMBLE SCHLESINGER & ASSOCIATIONS doing business as KS & ASSOCIATES, include the foregoing reasonable attorneys' fees in the amount of Five Thousand Four Hundred Ninety Dollars and no/100 ($5,490.00) and costs in the amount of Five Hundred Twenty-Five Dollars ($525.00).

20.   Affiant further respectfully requests, on behalf of the Plaintiff herein, that the Judgment provide for Plaintiff's recovery of all costs, expenses and reasonable attorneys' fees incurred and attendant to registration, enforcement and collection of the Judgment, as well as future interest incurred thereon at the contract rate until the time of collection.

FURTHER AFFIANT SAYETH NOT.

THE BOURASSA LAW GROUP, LLC

Trent L. Richards, Esq., Attorney for Plaintiff
Nevada Bar No. 11448

SUBSCRIBED AND SWORN to
before me this 3rd
day of August 2015.

NOTARY PUBLIC
In and for the County of Clark, State of Nevada



H. STEWARD
Notary Public
State of Nevada
Appt. No. 00-63569-1
My Appt. Expires Aug. 19, 2017

# EXHIBIT 1

# EXHIBIT 1

# The Bourassa Law Group, LLC

8668 Spring Mountain Road
Suite 101
Las Vegas, NV  89117
Telephone: 702-851-2180
Fax: 702-851-2189

August 03, 2015
Invoice No. 4954

Sara Baca
582 Crying Bird Ave
Las Vegas, NV  89178

Client Number:  11330  Sara Baca
Matter Number:  XOXO-3089  Baca, Sara v KS & Associates
**For Services Rendered Through 8/3/2015.**

## Fees

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 3/18/2015 | HS | Receive and review signed fee agreement and save to file. | 0.10 | $15.00 |
| 3/18/2015 | TR | Initial client intake with client; Draft fee agreement for client; Emailed fee agreement to client for consideration and signature. | 1.50 | $525.00 |
| 3/19/2015 | TR | Received email from client describing interactions between collection agency and her employer; Drafted initial demand letter; Drafted responsive email to client. | 1.10 | $385.00 |
| 3/19/2015 | HS | Receive and review email from client regarding recent contact from creditor and demand letter faxed to them today. | 0.30 | $45.00 |
| 3/25/2015 | TR | Received multiple emails from client and responded thereto. | 0.40 | $140.00 |
| 3/27/2015 | TR | Received and reviewed emails from client and responded regarding purported process server coming to her place of employment and other contact with defendant following retention of this firm; Drafted responsive emails to client | 0.80 | $280.00 |
| 4/2/2015 | HS | Receive return mail regarding demand letter mailed 3.19.15; Scan envelope to file and email T. Richards. | 0.20 | $30.00 |

Continued On Next Page

Client Number:    11330                                                    8/3/2015
Matter Number:    XOXO-3089                                                Page:  2

| Date | Initials | Description | Hours | Amount |
|---|---|---|---|---|
| 4/14/2015 | TR | Research entity status of defendant; Research applicable statutory laws; Reviewed demand leter and underlying facts from client; Drafted Complaint for Violations of the Fair Debt Collection Practices Act; Emailed draft complaint to H. Ross for review and revision. | 3.20 | $1,120.00 |
| 4/14/2015 | TR | Email to H. Ross containing the draft complaint | 0.10 | $35.00 |
| 4/16/2015 | HR | Review documents form client; revise complaint. | 0.50 | $175.00 |
| 4/16/2015 | HR | Email to T. Richards regarding the draft Complaint. | 0.10 | $35.00 |
| 4/17/2015 | TR | Email to S. Baca containing a the copy of the draft complaint. | 0.10 | $35.00 |
| 4/17/2015 | TR | Drafted email to client advising of status of demand letter and advising of proceeding with litigation; Finalized complaint for filing after receiving H. Ross revisions thereto. | 1.10 | $385.00 |
| 4/20/2015 | HS | Receive and review Complaint; Research and download entity details; Prepare civil cover sheet and proposed summons; Open civil case and file Complaint, Civil Cover Sheet and Proposed Summons; Download and save filed Complaint to file; Enter cost of filing fee into Abacus and save filing receipt to file. | 0.50 | $75.00 |
| 5/11/2015 | HS | Prepare and file Certificate of Interested Parties. | 0.30 | $45.00 |
| 5/11/2015 | MB | Receive and review the ORDER for Certificate of Interested Parties. | 0.10 | $35.00 |
| 6/2/2015 | HS | Order service of process to serve complaint through Junes. | 0.20 | $30.00 |
| 6/17/2015 | HR | Email to H. Steward regarding the status of service. | 0.10 | $35.00 |
| 6/22/2015 | HR | Review confirmation of service. | 0.10 | $35.00 |
| 6/22/2015 | HS | Review affidavit of service, waiting on process server to sign; Email to H. Ross re same. | 0.20 | $30.00 |
| 6/30/2015 | HS | Receive and review executed Affidavit of Service; Prepare caption page and file AOS with the Court; Calendar due date for Defendant's answer to Complaint. | 0.30 | $45.00 |

**Continued On Next Page**

Client Number:   11330
Matter Number:   XOXO-3089

8/3/2015
Page:   3

| Date | Init. | Description | Hours | Amount |
|---|---|---|---|---|
| 7/9/2015 | HS | Receive and review email from T. Richards re extension given Defendant to file answer to complaint; Update calendar. | 0.10 | $15.00 |
| 7/9/2015 | TR | Telephone call with KS & Associates regarding claims and demand; Drafted email to client transmitting the settlement offer of $1,500. | 0.80 | $280.00 |
| 7/9/2015 | HR | Confer with T. Richards regarding status. | 0.20 | $70.00 |
| 7/16/2015 | HS | Receive and review invoice from Junes; Enter cost into Abacus. | 0.20 | $30.00 |
| 7/17/2015 | HS | Prepare Three Day Notice of Intent to Take Default; Give to T. Richards to sign. | 0.30 | $45.00 |
| 7/20/2015 | TR | Reviewed status of case and followed up with H. Steward. | 0.20 | $70.00 |
| 7/20/2015 | TR | Reviewed and Finalized 3-day notice of intent to take Default. | 0.30 | $105.00 |
| 7/20/2015 | HS | Scan three day notice to file and mail to Defendant; Calendar default date. | 0.20 | $30.00 |
| 7/27/2015 | TR | Telephone call with Defendant regarding offer; Drafted email to client transmitting offer. | 0.60 | $210.00 |
| 7/28/2015 | HS | Prepare Request for Clerk's Default and Affidavit in support of same; Give to T. Richards to review and sign. | 0.80 | $120.00 |
| 7/29/2015 | HS | Revise Affidavit in Support of Request for Clerk's Default and give to T. Richards to review and sign. | 0.20 | $30.00 |
| 7/29/2015 | HS | Execute certificate of service and scan request to file; File with the Court and download filed copy to file; Print and mail per certificate of service. | 0.30 | $45.00 |
| 7/30/2015 | HS | Receive and review Clerk's ENTRY OF DEFAULT as to Kremble Schlesinger & Associates re [7] Motion for Entry of Clerks Default; Download and save to file. | 0.20 | $30.00 |
| 7/30/2015 | MB | Receive and review the Clerk's ENTRY OF DEFAULT as to Kremble Schlesinger & Associates re [7] Motion for Entry of Clerks Default. | 0.20 | $70.00 |
| 7/30/2015 | HS | Draft Application for Entry of Default Judgment and Affidavit in support of same. | 1.50 | $225.00 |

**Continued On Next Page**

Client Number:      11330
Matter Number:      XOXO-3089

8/3/2015
Page:   4

| Date | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|
| 7/31/2015 | HS | Finish Application for Entry of Default Judgment and Affidavit in support of same; Prepare Bill of Costs; Give to T. Richards to review and sign. | 0.70 | $105.00 |
| 8/3/2015 | TR | Reviewed and revised Application for Entry of Judgment by Default | 1.10 | $385.00 |
| 8/3/2015 | HS | Discussion with T. Richards and make changes to Application for Entry of Default Judgment; Give to T. Richards to review. | 0.60 | $90.00 |

|  |  | **Billable Hours / Fees:** | **19.80** | **$5,490.00** |

## Timekeeper Summary

Timekeeper HR worked 1.00 hours at $350.00 per hour, totaling $350.00.
Timekeeper HS worked 7.20 hours at $150.00 per hour, totaling $1,080.00.
Timekeeper MB worked 0.30 hours at $350.00 per hour, totaling $105.00.
Timekeeper TR worked 11.30 hours at $350.00 per hour, totaling $3,955.00.

## Cost Detail

| Date | Description | Amount | Check No. |
|---|---|---|---|
| 4/20/2015 | Filing Fee - Complaint | $400.00 | |
| 6/18/2015 | Service of Process | $125.00 | |
| 7/20/2015 | Postage | $0.48 | |
| 7/29/2015 | Postage | $0.70 | |
| | **Total Costs** | **$526.18** | |

| | |
|---|---|
| **Prior Balance:** | $0.00 |
| **Payments Received:** | $0.00 |
| **Unpaid Prior Balance:** | $0.00 |
| **Current Fees:** | $5,490.00 |
| **Advanced Costs:** | $526.18 |
| **TOTAL AMOUNT DUE:** | **$6,016.18** |

Thank You for Letting Us Serve You.
Payment Due Upon Receipt.